**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4093

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ANDRE HORNE,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   W. Earl Britt, Senior District Judge.  (5:96-cr-00200-BR-1)

Submitted:  June 24, 2010              Decided:  June 30, 2010

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Horne appeals from the district court's order revoking his supervised release and imposing a forty-six-month prison term. He contends that the sentence imposed is plainly unreasonable because the district court failed to calculate his advisory guideline range. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first review the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If we conclude that a sentence is not unreasonable, we will affirm the sentence. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C.A. § 3583(e)

2

(West 2000 & Supp. 2010); Crudup, 461 F.3d at 440. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id. at 439.

The district court "need not engage in ritualistic incantation" in order to satisfy its burden of considering the Chapter 7 policy statements. United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Here, the district court clearly stated that it had considered the Chapter 7 policy statements, which include the advisory imprisonment ranges upon revocation of supervised release. So long as the advisory range was put before the court, "[c]onsideration is implicit in the court's ultimate ruling." Id.

The district court clearly considered the advisory guideline range and imposed sentence at the bottom of that range. We find that the forty-six-month term imposed on revocation was not "plainly unreasonable." Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3